Max **KRUMHOLZ** and Emil Moosmann, Plaintiffs-Appellees,

v.

James Beckham **GOFF** and Mary Lois Goff, Defendants-Appellants.

Max **KRUMHOLZ** and Emil Moosmann, Plaintiffs-Appellants,

v.

F. T. **CANTRELL** et al., Defendants-Appellees.

Nos. 14862–14863.

United States Court of Appeals Sixth Circuit.

June 24, 1963.

Robert M. Coleman, Coleman, Harlin & Orendorf, Bowling Green, Ky., Eugene H. Alvey, Louisville, Ky., for Krumholz, and others.

Charles I. Dawson, Earl S. Wilson, Bullitt, Dawson & Tarrant, Louisville, Ky., for Goff and others.

Joseph J. Leary, Smith, Reed & Leary, Frankfort, Ky., Robert M. Spragens, Lebanon, Ky., for F. T. Cantrell and others.

Before O'SULLIVAN, Circuit Judge, and TAYLOR and FREEMAN, District Judges.

On the petition of defendant-appellant, James Beckham Goff, for rehearing of case No. 14,862, decided March 28, 1963, affirming the judgment of the District

Court upon amendment of the judgment in accordance with the opinion of this Court, petitioner contends that this Court erred (1) in holding that the findings of fact of the District Judge are not clearly erroneous, and (2), specifically, in holding that there was substantial evidence to support a finding of a breach of warranty by a preponderance of the evidence.

Despite findings of the District Judge that the issues of fraudulent misrepresentation and breach of warranty were both established by the evidence, appellant Goff, on his appeal, chose to ignore the breach of warranty issue, which need only be established by a preponderance of the evidence, and directed his argument to the insufficiency of proof to support the Trial Court's finding of fraud, which must be established by clear, unequivocal and convincing evidence. This strategy did seem to divert the attention of appellees from the breach of warranty issue. Nevertheless, we examined the record in this case with great care, and found substantial evidence to sustain the finding of a breach of warranty, as pointed out at some length in our opinion.

Briefly, appellant Goff now seeks an opportunity to argue the breach of warranty issue. Goff contends, and we agree, that he did argue the lack of such evidence relevant to this issue at great length in his original brief. However, he did not discuss the applicability of same to the breach of warranty issue, limiting such discussion to the fraud issue, as already mentioned. His contention in this petition "Instead of failing to meet the claim that there was a breach of warranty regardless of fraud, the main brief in behalf of Goff meets that challenge squarely" (pp. 14–15), is not borne out by any page references in his briefs on appeal, and the fruitless result of our re-examination of such briefs for this purpose indicates why this was not done.

Goff's contention that plaintiffs "utterly failed to prove" reliance upon the production warranty is untenable. The warranty clause itself expressly provided that plaintiffs "rely upon said warranty and representation in entering into this agreement" and at least two witnesses, Cantrell and Alvey, gave testimony to support this element, as pointed out in our opinion.

Furthermore, we do not consider the rules (1) that findings of fact of the trial court must be sustained unless clearly erroneous (Rule 52(a), F.R.Civil P.) and (2) that the decision below must be affirmed, if correct, even though the court may have relied on a wrong reason, are "purely arbitrary rules," as appellant Goff now contends. Both are well established, frequently applied, principles of law.

We also desire to say that neither the District Court's opinion nor the record in this case called for the over-zealous, intemperate language employed by appellants' counsel in criticizing the decision of the Trial Court, both in this petition as well as in his briefs on appeal.

The petition for rehearing is denied.